UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGO PERRYMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LITTON LOAN SERVICING, LP, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-02261-JST   (KAW)<br><br>**ORDER REGARDING 7/10/2015 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 200 |

On July 10, 2015, Plaintiff Margo Perryman and Defendant American Modern Home Insurance Company filed a joint letter in which Plaintiff seeks to compel further responses to Request for Production of Documents Nos. 17, 21, 22, 23, 24 and 28. (7/10/15 Joint Letter, "Joint Letter," Dkt. No. 200 at 1.) Specifically, these requests concern American Modern insurance policies placed on mortgages serviced by Defendant Litton Loan Servicing, LP ("Litton").

Upon review of the joint letter, and for the reasons set forth below, the Court finds that the requests are unlikely to lead to the discovery of admissible evidence, and, therefore, DENIES Plaintiff's request to compel supplemental responses to her requests for production of documents.

## I.   BACKGROUND

Plaintiff Margo Perryman owns a home in Edgewood, California. (First Am. Compl., "FAC," Dkt. No. 108 ¶ 41.) The deed of trust required Plaintiff to insure the property against fire, floods, and/or other hazards. (FAC ¶ 42.) If a borrower fails to maintain the required coverage, the deed of trust permits the lender to obtain the required insurance coverage at the borrower's expense. (FAC ¶ 42; FAC, Ex. A.) In 2011, FEMA re-drew the flood maps in the area that included Plaintiff's property, and determined that she was now in a flood zone and was required to purchase flood insurance. (Joint Letter at 4.)

1   As of February 22, 2011, Litton Loan Servicing, LP ("Litton") serviced Plaintiff's loan and
2   maintained an escrow account, and sent Plaintiff a notice that her home was located in a flood
3   zone and she was required to provide proof of flood insurance within 30 days. (FAC ¶ 43.) When
4   borrowers do not obtain insurance coverage in the amounts Litton requires, it purchases insurance
5   for the borrowers and charges the borrower for the lender-placed insurance ("LPI"). Thereafter,
6   Litton purchased a flood insurance policy at Plaintiff's expense. (FAC ¶¶ 44-45.) American
7   Modern Home Insurance Company ("American Modern") sold insurance policies to Litton that
8   were placed on borrower's properties. (Joint Letter at 2.) In November 2011, the servicing of
9   Plaintiff's loan was transferred to Ocwen Loan Servicing, LLC ("Ocwen"). (FAC ¶ 32.)

In May 2014, Plaintiff's filed this lawsuit alleging that Defendants Litton, American Modern, Ocwen, and others engaged in wrongful and collusive practices that drove-up the price of lender-placed insurance ("LPI").

On June 12, 2015, Plaintiff and American Modern filed a joint letter regarding Request for Production of Documents Nos. 17, 21, 22, 23, 24 and 28. (Dkt. No. 192.) Subsequently, all discovery disputes in this matter were referred to the undersigned for disposition. (Dkt. No. 196.) Since the letter did not comply with the Court's standing order, the parties were ordered to further meet and confer and file a revised joint letter in the format specified to facilitate the Court's resolution of the remaining disputes.

On July 10, 2015, the parties filed the instant joint letter. (Dkt. No. 200.)

## II.   DISCUSSION

Plaintiff seeks to compel further responses to Request for Production of Documents Nos. 17, 21, 22, 23, 24 and 28. As an initial matter, because discovery regarding Ocwen is currently stayed, American Modern is not required to produce documents concerning Ocwen. (*See* Dkt. No. 177.) Further, Plaintiff concedes she does not dispute the reasonableness of rates charged for the insurance. (Joint Letter at 4.) Rather, "[s]he disputes the amount of that rate which can be passed on to her under the terms of her contract with Defendants." (Dkt. No. 100 at 14; Joint Letter at 4.)

### A.   Request for Production of Documents No. 17

Request No. 17 seeks "[a]ll documents that show your actual, estimated, and/or projected

profit or loss from services performed for Litton and/or Ocwen related to the provision of LPI." (Joint Letter at 5.) Plaintiff contends that information relating to American Modern's profits and losses resulting from its LPI business is relevant to prove collusion between American Modern and Litton. (Joint Letter at 3.) Specifically, Plaintiff alleges that the premiums charged included kickbacks to Litton. *Id.*

American Modern objects on a variety of grounds, including relevancy, because profits and losses are derived from the rates American Modern is authorized to charge by the California Department of Insurance. (Joint Letter, Ex. B at 11; Joint Letter at 5.) Plaintiff argues that information concerning profits and pricing are relevant because Litton passed on the entire amount of the premium to homeowners. (Joint Letter at 4.) To the contrary, since Plaintiff does not dispute the insurance rates themselves, American Modern's profit and loss information is not relevant, particularly given that the entire premium was passed on to the borrowers. Accordingly, Plaintiff's request to compel a supplemental response to Request No. 17 is denied.

### B.   Request for Production of Documents No. 21

Request No. 21 seeks "[a]ll documents that show your actual, estimated, and/or projected loss ratios for LPI issued for Litton and/or Ocwen's Borrowers." (Joint Letter at 5.)

Plaintiff contends that her reasons to compel a further response to Request No. 21 "are materially the same as the reasons for compelling a further response to Document Request 17," and so she incorporates that response by reference. (Joint Letter at 5.) While vague, the Court interprets this to mean that Plaintiff seeks information regarding kickbacks.

American Modern similarly contends that "[i]f Plaintiff does not dispute the reasonableness of American Modern's approved rate then American Modern's loss ratios are irrelevant." (Joint Letter at 6.) The Court agrees, while also noting that American Modern's rates were purportedly set in 2004, prior to its doing business with Litton or Ocwen. (Joint Letter at 4.) Absent a showing that this specific information is relevant, Plaintiff has not met her burden to compel a further response. Accordingly, Plaintiff's request to compel a supplemental response to Request No. 21 is denied.

///

3

**C.      Request for Production of Documents No. 22**

Request No. 22 seeks "[a]ll periodic … internal profit and loss statements for your LPI and hazard outsourcing … lines of business for all clients[.]" (Joint Letter at 6.)

Plaintiff contends that her reasons to compel a further response to Request No. 21 "are materially the same as the reasons for compelling a further response to Document Request 17," and so she incorporates that response by reference. (Joint Letter at 6.) Again, profit/loss information requested is not relevant because Plaintiff is not disputing the reasonableness of the rates charged by American Modern. Thus, Plaintiff's request to compel a supplemental response to Request No. 22 is denied.

**D.      Request for Production of Documents No. 23**

Request No. 23 seeks "[a]ll periodic … reviews of your LPI and hazard outsourcing … lines of business, showing their overall performance, including the number of LPI placements and LPI premium charged." (Joint Letter at 6.)

Plaintiff contends that her reasons to compel a further response to Request No. 21 "are materially the same as the reasons for compelling a further response to Document Request 17," and so she incorporates that response by reference. (Joint Letter at 7.)

As provided above, since Plaintiff does not dispute the reasonableness of American Modern's rates, the performance of its LPI business is not relevant. Therefore, Plaintiff's request to compel a supplemental response to Request No. 23 is denied.

**E.      Request for Production of Documents No. 24**

Request No. 24 seeks "[a]ll documents showing Your calculation of rates for LPI issued for Litton and/or Ocwen's borrowers." (Joint Letter at 7.) Plaintiff contends that information relating to the pricing of American Modern's LPI policies is relevant to prove collusion between American Modern and Litton. (Joint Letter at 3.) Plaintiff, however, has conceded that she does not dispute the reasonableness of the rates charged by American Modern. Therefore, this request does not seek relevant information, because any information regarding American Modern's pricing is only relevant to dispute the reasonableness of the rates it charged Litton.

Additionally, American Modern argues that its pricing information is a matter of public

4

record, so that information is available to Plaintiff. The Court agrees. Therefore, Plaintiff's request to compel a supplemental response to Request No. 24 is denied.

### F. Request for Production of Documents No. 28

Request No. 28 seeks "[a]ll documents showing your calculation of the rates charged to Litton and/or Ocwen for any master insurance policy covering a portfolio of mortgage loans." (Joint Letter at 8.) As Plaintiff does not dispute the reasonableness of American Modern's rate, the calculation of the rates for any master insurance policy does not appear relevant to the underlying litigation, and Plaintiff has not met her burden of showing otherwise. Accordingly, Plaintiff's request to compel a supplemental response to Request No. 28 is denied.

### III. CONCLUSION

In light of the foregoing, Plaintiff's request to compel supplemental responses to Request Nos. 17, 21, 22, 23, 24 and 28 is DENIED.

IT IS SO ORDERED.

Dated: August 7, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge