UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGO PERRYMAN,<br><br>Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING, LP, et al.,<br><br>Defendants. | Case No. 14-cv-02261-JST   (KAW)<br><br>**ORDER REGARDING 7/20/15 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 201 |

On July 20, 2015, Plaintiff Margo Perryman and Defendant American Modern Home Insurance Company filed a joint letter in which American Modern seeks to compel further responses to Interrogatory Nos. 10-16. (7/20/15 Joint Letter, "Joint Letter," Dkt. No. 201 at 1.) Specifically, the interrogatories ask Plaintiff to state the factual bases for specific allegations made in the First Amended Complaint. *Id.*

Upon review of the joint letter, and for the reasons set forth below, the Court orders Plaintiff to serve supplemental responses within 14 days of this order.

## I.   BACKGROUND

Plaintiff Margo Perryman owns a home in Edgewood, California. (First Am. Compl., "FAC," Dkt. No. 108 ¶ 41.)  The deed of trust required Plaintiff to insure the property against fire, floods, and/or other hazards. (FAC ¶ 42.)  If a borrower fails to maintain the required coverage, the deed of trust permits the lender to obtain the required insurance coverage at the borrower's expense. (FAC ¶ 42; FAC, Ex. A.)  In 2011, FEMA re-drew the flood maps in the area that included Plaintiff's property, and determined that she was now in a flood zone and was required to purchase flood insurance. (Joint Letter at 4.)

As of February 22, 2011, Litton Loan Servicing, LP ("Litton") serviced Plaintiff's loan and

1  maintained an escrow account, and sent Plaintiff a notice that her home was located in a flood
2  zone and she was required to provide proof of flood insurance within 30 days. (FAC ¶ 43.)  When
3  borrowers do not obtain insurance coverage in the amounts Litton requires, it purchased insurance
4  for the borrowers and charge the borrower for the lender-placed insurance ("LPI").  Thereafter,
5  Litton purchased a flood insurance policy at Plaintiff's expense. (FAC ¶¶ 44-45.)  American
6  Modern Home Insurance Company ("American Modern") sold insurance policies to Litton that
7  were placed on borrower's properties.

8        In May 2014, Plaintiff's filed this lawsuit alleging that Defendants Litton, American
9  Modern Home Insurance Company, and others engaged in wrongful and collusive practices that
10  drove-up the price of lender-placed insurance ("LPI").

11        On June 12, 2015, Plaintiff and American Modern filed a joint letter regarding Plaintiff's
12  responses to Interrogatory Nos. 10-16. (Dkt. No. 191.)  Subsequently, all discovery disputes in this
13  matter were referred to the undersigned for disposition. (Dkt. No. 196.)  Since the letter did not
14  comply with the Court's standing order, the parties were ordered to further meet and confer and
15  file a revised joint letter in the format specified to facilitate the Court's resolution of the remaining
16  disputes.

17        On July 20, 2015, the parties filed the instant joint letter. (Dkt. No. 201.)

## II.   DISCUSSION

American Modern seeks to compel further responses to Interrogatory Nos. 10-16. Generally, these interrogatories ask Plaintiff to state the factual bases for the allegations made in the First Amended Complaint at the time the pleading was filed. (Joint Letter at 1.)  In her responses, Plaintiff raised the same boilerplate objections and provided the same response subject to those objections.

### A.   Interrogatory No. 10

Interrogatory No. 10 asks Plaintiff to

> [i]dentify all facts that support, that refer to, that relate to, that pertain to, or upon which you base your allegation in paragraph 19 of the First Amended Complaint that "the Defendants made numerous material omissions, misleading 'half-truths,' and misrepresentations to Plaintiff and members of the Classes with the

2

|   |   |
|---|---|
| 1 | intent to defraud and deceive Plaintiff and members of the Classes into paying and/or not contesting the force-placed charges. |

(Joint Letter at 1.)

In response, and subject to objection, Plaintiff does not include any facts pertaining to American Modern's actions in this case, and instead vaguely references a 2013 consent order in New York state. (Pl.'s Interrog. Resp., Joint Letter, Ex. B at 7-8.) Further, Plaintiff contends that any further response to this interrogatory "should be deferred until merits discovery is complete, or at least well underway." (Joint Letter at 3.) The Court disagrees.

At the very least, American Modern is entitled know which factual allegations form the bases of Plaintiff's claims. If Plaintiff did not have any facts pertaining to Paragraph 19 of the first amended complaint at time it was filed, she must say so. The fact that discovery is ongoing, and Plaintiff may not have all of the facts necessary to make her case, does not excuse her obligation to respond fully subject to any applicable privilege or objection.

Accordingly, Plaintiff is ordered to supplement her response to Interrogatory No. 10 within 14 days of this order.

### B. Interrogatory No. 11

Interrogatory No. 11 asks Plaintiff to "[i]dentify all facts that support, that refer to, that relate to, that pertain to, or upon which you base your allegation in paragraph 54 of the First Amended Complaint that the pricing of lender-placed insurance 'is the result of collusion between the Defendants.'" (Joint Letter at 5.)

Plaintiff's response to Interrogatory No. 11 is identical to her response to Interrogatory No. 10. (Pl.'s Interrog. Resp. at 8-9.) Similarly, Plaintiff's position that this interrogatory is premature, and that she should not be compelled to provide further responses because she believes that American Modern has failed to satisfy its discovery obligations, are similarly unavailing.[1] (*See* Joint Letter at 5.) American Modern is entitled know which factual allegations form the bases of

---

[1] Plaintiff refers to other discovery disputes that were before the undersigned in which she was attempting to compel further discovery responses. Neither of those disputes, including the dispute with American Modern, were resolved in her favor. (*See* Dkt. Nos. 206 & 207.) Indeed, the Court found that American Modern fulfilled its discovery obligations pertaining to its responses to Plaintiff's requests for production of documents. (Dkt. No. 207 at 1.)

3

Plaintiff's claims, and she must respond fully. Claims that American Modern has not fulfilled its discovery obligations or that the interrogatory is "premature" are not valid objections. Further, under Rule 26, the parties have an ongoing obligation to supplement their discovery responses when they learn new information. *See* Fed. R. Civ. P. 26. Thus, Plaintiff need only respond with information that she currently has. Indeed, these interrogatories only seek to obtain the facts upon which Plaintiff bases her allegations in paragraph 54, so it is unlikely that she would need to supplement her response.

Accordingly, Plaintiff is ordered to supplement her response to Interrogatory No. 11 within 14 days of this order.

### C.    Interrogatory No. 12

Interrogatory No. 12 asks Plaintiff to "[i]dentify all facts that support, that refer to, that relate to, that pertain to, or upon which you base your allegation in paragraph 56 of the First Amended Complaint that American Modern paid 'a kickback to Litton and Ocwen . . . .'" (Joint Letter at 5.)

Again, Plaintiff's response to Interrogatory No. 12 is identical to her response to Interrogatory No. 10. (Pl.'s Interrog. Resp. at 9-10.) In the joint letter, Plaintiff repeats her contention that this interrogatory is premature. (*See* Joint Letter at 6.) Again, American Modern is entitled know which factual allegations form the bases of Plaintiff's claims, and she must respond fully.

Accordingly, Plaintiff is ordered to supplement her response to Interrogatory No. 12 within 14 days of this order.

### D.    Interrogatory No. 13

Interrogatory No. 13 asks Plaintiff to

> [i]dentify all facts that support, that refer to, that relate to, that pertain to, or upon which you base your allegation in paragraph 57 of the First Amended Complaint that "Litton, Ocwen, and their affiliates also receive other unearned direct payments or unearned commissions that are, in reality, kickbacks from force-placed insurers . . . ."

(Joint Letter at 6.)

1  Plaintiff's response to Interrogatory No. 13 is, again, identical to her response to
2  Interrogatory No. 10. (Pl.'s Interrog. Resp. at 10-11.)  In the joint letter, Plaintiff repeats her
3  contention that this interrogatory is premature. (*See* Joint Letter at 6.)  As was the case with the
4  interrogatories above, American Modern is entitled know which factual allegations form the bases
5  of Plaintiff's claims, and she must respond fully.

6  Accordingly, Plaintiff is ordered to supplement her response to Interrogatory No. 13 within
7  14 days of this order.

### E.   Interrogatory No. 14

Interrogatory No. 14 asks Plaintiff to

> [i]dentify all facts that support, that refer to, that relate to, that pertain to, or upon which you base your allegation in paragraph 61 of the First Amended Complaint that "Litton and Ocwen pay Southwest, ASIC, and American Modern a below-cost fee for performing monitoring, notification, and purchasing] services. Southwest, ASIC, and American Modern in turn, recoup their losses on services provided to Litton and Ocwen along with additional profits by charging higher premiums for force-placed insurance."

(Joint Letter at 7.)

Plaintiff's response to Interrogatory No. 14 is identical to her response to Interrogatory No. 10. (Pl.'s Interrog. Resp. at 11-12.)  In the joint letter, Plaintiff repeats her contention that this interrogatory is premature. (*See* Joint Letter at 7.)  Again, American Modern is entitled know which factual allegations form the bases of Plaintiff's claims, and she must respond fully.

Accordingly, Plaintiff is ordered to supplement her response to Interrogatory No. 14 within 14 days of this order.

### F.   Interrogatory No. 15

Interrogatory No. 15 asks Plaintiff to

> [i]dentify all facts that support, that refer to, that relate to, that pertain to, or upon which you base your allegation in paragraph 93 of the First Amended Complaint that "Litton and American Modern were employed by and associated with an illegal enterprise, and conducted and participated in that enterprise's affairs, through a pattern of racketeering activity consisting of numerous and repeated uses of the interstate mails and wire communications to execute a scheme to defraud . . . ."

5

(Joint Letter at 7.)

Plaintiff's response to Interrogatory No. 15 is identical to her response to Interrogatory No. 10. (Pl.'s Interrog. Resp. at 12-13.) In the joint letter, Plaintiff repeats her contention that this interrogatory is premature. (*See* Joint Letter at 7.) As was the case with the interrogatories above, American Modern is entitled know which factual allegations form the bases of Plaintiff's claims, and she must respond fully.

Accordingly, Plaintiff is ordered to supplement her response to Interrogatory No. 15 within 14 days of this order.

### G. Interrogatory No. 16

Interrogatory No. 16 asks Plaintiff to

> [i]dentify all facts that support, that refer to, that relate to, that pertain to, or upon which you base your allegation in paragraph 155 of the First Amended Complaint that "Defendants systematically engaged in these unlawful, unfair, and fraudulent business practices to the detriment of Plaintiff and other members of the California Subclass."

(Joint Letter at 8.)

Plaintiff's response to Interrogatory No. 16 is identical to her response to Interrogatory No. 10. (Pl.'s Interrog. Resp. at 13-14.) In the joint letter, Plaintiff repeats her contention that this interrogatory is premature. (*See* Joint Letter at 8.) Again, American Modern is entitled know which factual allegations form the bases of Plaintiff's claims, and she must respond fully.

Accordingly, Plaintiff is ordered to supplement her response to Interrogatory No. 16 within 14 days of this order.

### III. CONCLUSION

In light of the foregoing, American Modern's request to compel further responses is GRANTED. Plaintiff shall provide full and complete responses to Interrogatory Nos. 10-16, notwithstanding any valid objections, within 14 days of this order.

IT IS SO ORDERED.

Dated: August 26, 2015

KANDIS A. WESTMORE
United States Magistrate Judge

6