UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGO PERRYMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>LITTON LOAN SERVICING, LP, et al.,<br><br>  Defendants. | Case No. 14-cv-02261-JST<br><br>**ORDER GRANTING MOTION TO STAY ACTION**<br><br>Re: ECF No. 229 |

Before the Court is Southwest Business Corporation's ("SWBC") Motion to Stay Action. ECF No. 229. The Court will grant the motion.

**I.   PROCEDURAL BACKGROUND**

Plaintiff Margo Perryman ("Plaintiff") filed a putative class action complaint in May 2014. ECF No. 1. On October 1, 2014, the Court dismissed the claims brought against SWBC in the complaint. ECF No. 100 at 15–16. On October 21, 2014, Plaintiff filed a First Amended Class Action Complaint ("FAC"), ECF No. 108, and on February 26, 2015, the Court dismissed the claims brought against SWBC in the FAC. ECF No. 177 at 4–8.

On September 14, 2015, the District Court for the Southern District of Florida entered Final Judgment in Lee v. Ocwen Loan Servicing, LLC, No. 14-cv-60649-JAL (S.D. Fla.) ("Lee"). On December 23, 2015, the District Court for the Southern District of New York preliminarily approved a class action settlement in Lyons v. Litton Loan Servicing LP, No. 13-cv-00513 (S.D.N.Y.) ("Lyons").

On January 15, 2016, Plaintiff filed a Second Amended Class Action Complaint ("SAC"). ECF No. 220. Two weeks later, SWBC filed a Motion to Stay Action, ECF No. 229, which motion to Court now considers.

## II. LEGAL STANDARD

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Whether to stay proceedings is entrusted to the discretion of the district court. See id. 254–55 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

In deciding whether to stay proceedings, a district court must weigh various competing interests, including the possible damage which may result from granting a stay, the hardship a party may suffer if the case is allowed to go forward, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). The burden is on the movant to show that a stay is appropriate. See Clinton v. Jones, 520 U.S. 681, 708 (1997).

## III. DISCUSSION

SWBC moves for a stay, arguing that "[t]he Lee Final Judgment covers Perryman's claims against SWBC based on SWBC's alleged participation in the placement of LPI relating to her mortgage loan when it was serviced by Ocwen (after November 2011)." ECF No. 229 at 3. Similarly, "[t]he preliminarily approved settlement in Lyons covers Perryman's claims against SWBC based on SWBC's alleged participation in the placement of LPI relating to her mortgage loan when it was serviced by Litton (before November 2011)." Id. As a result, SWBC contends that "[t]ogether the Lee Final judgment and the Lyons preliminary settlement enjoin Perryman's prosecution of this action against SWBC and have, or will, dispose of all of Perryman's claims against SWBC." Id.

Plaintiff "agrees that, in general, it would be inefficient to continue this litigation against [SWBC] pending the resolution of settlement proceedings in" Lee and Lyons.[1] ECF No. 236 at 1.

---

[1] Plaintiff "agrees that she falls within the class definition in the Lyons settlement, and that, if the Lyons settlement is approved, her claims against SWBC, and the claims of the putative class she seeks to represent against SWBC, will be released." ECF No. 236 at 2. While "Plaintiff does not

2

Plaintiff instead "seeks only to continue discovery against SWBC relevant to her claims against Litton in this case" because "this litigation continues against [Litton], who is not a party to the *Lee* or *Lyons* settlement agreements." Id. According to Plaintiff, she has had difficulties obtaining "several categories of information directly relevant to Plaintiff's claims" from Litton. Id. at 3. As a result, Plaintiff argues that she "will be unfairly prejudiced if she is not allowed to obtain such discovery [from SWBC], as she will be unable to effectively pursue this case against Litton." Id.

The Court concludes that a stay is appropriate. First, it is unclear to the Court how Plaintiff will be prejudiced by a stay. As SWBC argues, "Plaintiff does not state what information Litton 'represented that it did not possess,' why that information is necessary to her claims, what efforts she has undertaken to either follow up with Litton, compel Litton to supply further information, or seek the unspecified information from other sources . . . ." ECF No. 240 at 4. Moreover, Plaintiff does not suggest why seeking such information from SWBC via third-party discovery would be prejudicial. Second, continuing this action against SWBC solely because Plaintiff wishes to obtain discovery from SWBC regarding another defendant would prejudice SWBC by requiring SWBC to devote resources to respond to Plaintiff's discovery requests, which resources SWBC would otherwise not be required to devote. Third, as Plaintiff herself admits, "it would be inefficient to continue this litigation against [SWBC] pending the resolution of settlement proceedings in" Lee and Lyons. ECF No. 236 at 1. Finally, as SWBC notes in its motion, "if a legitimate need for discovery arises in the future . . . Perryman is free to present good cause to the Court for relief from the stay." ECF No. 229 at 4.

Accordingly, the Court grants SWBC's motion to stay.

IT IS SO ORDERED.

Dated:  March 30, 2016

_____
JON S. TIGAR
United States District Judge

---

concede that SWBC is released under the *Lee* settlement[,] . . . for the purposes of this motion, Plaintiff does not oppose staying this case as to SWBC (with the exception of discovery relevant to Litton) . . . ." Id.